DANIEL W. LAWSON, d. b., *vs.* LAYTON AND LAYTON, a corporation created by and existing under the Laws of the State of Delaware, p. b.

1. BILLS AND NOTES—UNACCEPTED "DRAFT"—ACTION BY PAYEE AGAINST DRAWEE.

A "draft", before acceptance, is merely an order, and not a promise by the drawee to pay, and creates no obligation of the drawee to pay the payee, and so does not constitute a cause of action, cognizable by a justice of the peace, under *Rev. Code* 1852, amended to 1893, *p.* 740, *c.* 99, § 1, giving him jurisdiction of a cause of action arising from obligation, or express or implied promise or contract, for payment of money.

2. JUSTICES OF THE PEACE—JURISDICTION—CONFESSION OF JUDGMENT.

Plaintiff having no cause of action within the jurisdiction of a justice of the peace, defendant's confession of judgment confers no jurisdiction, so that judgment entered thereon is a nullity.

(*February* 18, 1913.)

Judges BOYCE and CONRAD sitting.

*Woodburn Martin* for plaintiff in *certiorari*.

*Daniel J. Layton, Jr.*, for respondent.

Superior Court, Sussex County, February Term, 1913.

Action before a justice of the peace by Layton and Layton, Inc., a domestic corporation, against Daniel W. Lawson. Judgment for plaintiff. Defendant brings *certiorari*. Reversed.

CERTIORARI (No. 17, February Term, 1913) directed to a justice of the peace in and for Sussex County, commanding him to send up the record of the judgment entered by him.

The cause of action is stated in the transcript of the record of the justice as an "action of assumpsit on a protested draft. Demand for eighty-three dollars and fifty-three cents with costs

of protest one dollar and sixty-eight cents." A copy of the draft is annexed to the transcript, and is in the following words and figures:

"$83.53.                    Georgetown, Delaware, Nov. 10, 1912.

Pay to the order of the cashier First National Bank, Georgetown, Delaware, Eighty-three 53/100 dols.
Value received and charge the same to the account of

Layton & Layton Incorporated.
L. L. Layton, *President*.

To Daniel W. Lawson,
    Millsboro, Delaware."

Across the face of the draft is endorsed "protested if not paid" with a further endorsement on the back "pay to the order of Millsboro Trust and Safe Deposit Company, Millsboro, Del.
First National Bank of Georgetown,
George W. Jones, *Cashier*."

It appears from the record that the defendant was served personally and that on the return day of the writ he appeared and confessed judgment for the plaintiff's demand. Thereupon the justice entered "judgment by virtue of said confession against the said Daniel W. Lawson in favor of Layton and Layton, a corporation created by and existing under the Laws of the State of Delaware, for the sum of $85.21/100 Dollars debt with costs of suit."

Among the several reasons assigned for the reversal of the judgment, it is urged, in substance, that an unaccepted protested draft is not sufficient to support a cause of action within the jurisdiction of a justice of the peace.

BOYCE, J., delivering the opinion of the court:
[1, 2] The cause of action, as stated on the record of the justice of the peace, is based on "a protested draft." A draft is defined to be an order from one person to another directing the payment of money. Until accepted a draft is in no sense a promise

to pay on the part of the drawee, and, being merely an order or request by the drawer on the drawee, it does not create an obligation to pay as between the parties until acceptance by the drawee. It is clear to the court that the draft sued upon does not constitute a cause of action cognizable before a justice of the peace under *Section* 1, *c*. 99, *p*. 740, of the *Revised Code* 1852, amended to 1893; and the justice being without jurisdiction in the premises, the confession of the defendant that he owed the amount which was sought to be collected by the draft did not confer jurisdiction, and the judgment entered on the confession is a nullity.

The judgment below is reversed.